## MARTIN *v.* HICKMAN.

### Opinion delivered June 19, 1897.

AGENCY—RATIFICATION—KNOWLEDGE OF MATERIAL FACTS.—Ratification of
the unauthorized acts of an agent, to be binding on his principal, must
have been made with knowledge of all material facts, and ignorance of
such facts will render an alleged ratification ineffectual and invalid.
(Page 220.)

SAME.—A principal will not be considered as having ratified an unauthor-
ized act of his agent in the purchase of property merely because he
receives the property and avails himself of the advantages derived from
such act, when he did not learn that such agent had exceeded his
authority in the purchase until after he had sold the property, and after
the circumstances had put it beyond his power to restore it. (Page 220.)

Appeal from Bradley Circuit Court.

MARCUS L. HAWKINS, Judge.

### STATEMENT BY THE COURT.

This action was brought by Hickman against Martin to
recover the sum of $147. The circumstances out of which the
action arose were briefly as follows: Martin, being the owner
of a house and lot in the town of Warren, contracted to sell
and convey it to O'Neill for the sum of $230. O'Neill took
possession of the property under the contract of sale, and paid
$85 upon the price, leaving due a balance of $145. O'Neill,
after holding the property a year or two, sold his interest
therein to appellee, Hickman, who, as a consideration therefor,
assumed the payment of the $145 balance due from O'Neill to
Martin, and also agreed to pay O'Neill the further sum of $147,
making in all the sum of $292, which he was to pay for the
property. Hickman held the property awhile, and then offered
to sell the property back to Martin. They failed to agree upon
a price at that time, but set another day on which they were to
meet and endeavor to agree upon a trade. Before the arrival
of the day named, Martin was called to St. Louis on business,
and, finding that he could not meet Hickman on the day named,
he authorized Julius Clary to offer Hickman $75 for the pos-

session of the place and for all his right and interest thereto. Clary met Hickman, paid him $75 as directed, and took from him a writing in the following words:

"Warren, Ark., March 3, 1891.

"I, W. J. Hickman, do hereby quit all my claim to the place once owned by Alfred Martin, purchased by J. S. O'Neill, and then to me, the undersigned, for which I have received pay in full by J. C. Clary, as the representative of the said Alfred Martin, to do as he pleases with the same.

"(Signed)      W. J. HICKMAN."

Under this writing Martin took possession of the place, and soon afterwards sold it to a third party. Some eighteen months afterwards Martin was first informed that Hickman claimed that Clary in the trade for the property had agreed that he (Martin), as part of the consideration therefor, would pay the $147 which Hickman had agreed to pay O'Neill. Martin at once denied that he had authorized Clary to make such an agreement, and refused to be bound by it. On the trial Hickman admitted that he had never in his negotiations with Martin mentioned this note for $147 which he owed O'Neill, but stated that he did mention it to Clary; that he gave the writing, and delivered possession of the place, upon the agreement had with Clary that Martin should assume and pay the O'Neill note for $147, and supposed that Martin had paid it until long afterwards. Clary, who testified for the defendant Martin, denied that he had made such agreement, or that anything was said about such note by Hickman, and further testified that he had never heard of the existence of such a note until about a year and a half after the compromise was made. There was a verdict and judgment for plaintiff.

*Wells & Williamson,* for appellant.

The verdict is not sustained by the evidence. The burden is on Hickman. His own evidence is not corroborated by any one, but is rebutted by his release. 5 Ark. 558; 6 *id.* 308; 24 *id.* 410. It was error to give the third, fifth and seventh instructions. 1 Am. & Eng. Enc. Law,. p. 432. The doctrine of ratification only applies where there is *no dispute* as to the contract. *Ib.* It was error to refuse the eighth and ninth

asked.  1 Am. & Eng. Enc. Law, p. 351.  Clary had no authority to bind Martin beyond the authority given him.  If Hickman was wronged, his only remedy was a suit to rescind, tendering the $75 received, and asking restitution.  46 N. J. L. 393; 42 Md. 22; 44 Cal. 166; 9 Lea (Tenn.), 631.

*Z. T. Wood*, for appellee.

The evidence amply supports the verdict.  The court's charge is not erroneous.  A receipt is not conclusive, but the real consideration may be shown.  25 Ark. 380; 53 *id.* 4. Martin should have renounced the whole contract, otherwise he will be held to have ratified it.  54 Ark. 220.  If the principal retains the proceeds after he has knowledge of what the contract really was, he will be held to ratify.  12 Md. App. 279; 70 Ind. 499; 65 Ga. 630; 36 N. Y. 79; 55 Ark. 240.

RIDDICK, J., (after stating the facts.)  This action was brought by Hickman against Martin upon a contract alleged to have been made by Clary as agent of Martin.  Hickman contends that Clary, acting as agent for Martin, as part of the consideration for the release by Hickman to Martin of certain interests in land to which Martin held the legal title, agreed that Martin would assume and pay for Hickman a note for $147 due from Hickman to O'Neill.  But Clary was only a special agent, and there is nothing to show that he had authority to bind Martin by such promise.  On the contrary, the evidence of both Martin and Clary is that Clary had authority only to offer Hickman $75 and a release of Martin's claim for $145 against Hickman for Hickman's interest in the land, but no authority to promise for Martin that he would assume or pay any other sum.  In order therefore to hold Martin liable in this case, it was incumbent on Hickman to establish two propositions: First, that Clary, acting as agent of Martin, agreed, as part of the consideration to be paid Hickman for his interest in the property, that Martin would assume and pay the O'Neill note; second, that afterwards Martin ratified this act of Clary.  On the first proposition, the testimony of Hickman and Clary, the only two witnesses on that point, conflicted, and the finding of the jury must be taken on appeal as establishing that proposition in favor of Hickman.

On the second proposition the finding of the jury was also in favor of Hickman, but we are not able to discover in the record any evidence to support such finding. It is well settled that ratification of the unauthorized acts of one who assumes to be an agent, in order to render them binding on the principal, must have been made with the knowledge of all material facts, and that ignorance of such facts will render an alleged ratification ineffectual and invalid. *Lyons* v. *Tams*, 11 Ark. 189; *Combs* v. *Scott*, 12 Allen (Mass.), 493; 1 Am. & Eng. Enc. Law (2 Ed.), 1189, and cases cited.

A principal will not be considered as having ratified an unauthorized act of his agent merely because he receives property and avails himself of the advantages derived from such act, when he did not learn that such agent had exceeded his authority until after he had sold the property, and after the circumstances were such as to put it beyond his power to return or restore the property. *Bryant* v. *Moore*, 26 Maine, 84; 45 Am. Dec. 96; *Thacher* v. *Pray*, 113 Mass. 291; *Brown* v. *Wright*, 58 Ark. 20. In this case the evidence is uncontradicted, not only that Martin had never authorized Clary to agree for him that he would assume and pay the $147 sued for, but also that he had no notice of such a claim on the part of Hickman until long after he had sold the property received from Hickman.

The instructions given by the court told the jury, in effect, that if Martin retained or failed to restore the property after being informed of the act of his agent, such conduct on his part would amount to a ratification. It seems to us that, under the facts of this case, this charge was clearly misleading, Martin could not restore the property, for he had already sold it before learning of the unauthorized act of his agent Clary. His failure to restore or return the property, under such circumstances, cannot be treated as a ratification, so as to make him liable for the unauthorized promise of Clary. The evidence on this point was not sufficient to sustain the verdict. *Bryant* v. *Moore*, 26 Maine, 84; 45 Am. Dec. 96; *White* v. *Langdon*, 30 Vt. 599.

If Martin refuses to carry out the stipulations of the contract made by Hickman with Clary, Hickman can rescind such

contract, and enforce what rights he may have against Martin under the original contract for the purchase of the land made between O'Neill, Martin and himself, but he cannot hold Martin liable for the promise of Clary, which he neither authorized or ratified.

For the error indicated, the judgment is reversed, and a new trial ordered.

Absent WOOD, J.