## HAINES *v.* RUMPH.

### Opinion delivered February 14, 1921.

1. PRINCIPAL AND AGENT—RATIFICATION OF AGENT'S UNAUTHORIZED ACT.—Before one can be held to have ratified any unauthorized act of one who assumes to be his agent, the principal must have knowledge of all the material facts upon which such agency is predicated; and ignorance of such facts renders the alleged ratification ineffectul and invalid.

2. PRINCIPAL AND AGENT—RATIFICATION OF UNAUTHORIZED LAND SALE.—In order to ratify an unauthorized sale of their land by an agent, the principals must know the consideration, terms and conditions of sale.

3. PRINCIPAL AND AGENT—RATIFICATION BY EXECUTION OF DEED.—Principals will be held to have ratified an unauthorized sale of

their land by an agent where they signed and acknowledged a deed with full knowledge of the consideration, terms and conditions of the sale.

4.    Principal and agent—withdrawal of ratification.—Principals who have ratified their agent's unauthorized sale of land can not withdraw such ratification upon discovering that the land had increased in value on account of oil developments.

5.    Specific performance—directing attorney to deliver deed.—Where grantors delivered a deed to attorneys to be delivered to the grantees, and one of the grantors, who was not made a party to the suit, directed the attorneys not to deliver the deed until certain conditions were performed, delivery of the deed by such attorneys will not be compelled where the stipulated conditions were not performed.

Appeal from Ouachita Chancery Court; *J. M. Barker,* Chancellor; reversed.

*Thomas W. Hardy* and *Mehaffy, Donham & Mehaffy,* for appellants.

Plaintiffs to be entitled to recover would have to show either that Haines with whom it was claimed a contract was made and to whom $25 was paid, had authority to bind them in the transaction, or that Haines ratified the transaction after full knowledge of the facts; and the evidence is insufficient to sustain the findings of the chancellor on either of these points. 105 Ark. 446; 53 *Id.* 208; 124 *Id.* 360; 64 *Id.* 217; 92 *Id.* 315. Ratification with full knowledge is not shown. 55 Ark. 240; 64 *Id.* 217; 74 *Id.* 557; 21 R. C. L. 922-8.

The parties signed the deed without a full knowledge of the facts, and there was no ratification, and there was no delivery of the deed. 24 Ark. 244. Delivery was necessary, and there was none. 8 R. C. L., § 53; *Ib.,* § 57.

*Powell & Smead,* for appellees.

1. The evidence sustains the findings of the chancellor. If there was either a sufficient delivery of the deed so as to pass title, or if there was a ratification of the contract by G. L. Haines and Grace Tannehill, the decree is correct.

2. There was certainly a sufficient delivery of the deed. 77 Ark. 89; 100 *Id.* 127; 123 *Id.* 601, and the evidence shows ratification with full knowledge. 55 Ark. 241; 90 S. W. 737.

HUMPHREYS, J. This suit was instituted by appellees against appellants in the Ouachita Chancery Court to enforce a contract executed on the 11th day of December, 1919, between appellant, W. S. Haines, and appellees, for the sale and purchase of certain lands in said county, for and in consideration of the sum of $2,000, $25 of which sum was paid in cash at the time, the balance to be paid when the deed was executed and delivered. It was alleged that W. S. Haines represented himself, his brother, G. L. Haines, and his sister, Mrs. Grace Tannehill, in the transaction, and, that, pursuant to said contract, the said W. S. Haines, G. L. Haines, Laura Haines, his wife, and Mrs. Grace Tannehill, executed a deed conveying said real estate to the appellees and delivered same to Gaughan & Sifford, a firm of attorneys in Camden, for appellees, upon the payment of the consideration; that said appellees offered to pay the consideration to Gaughan & Sifford, who refused to accept same; that they will return the deed to the grantors unless enjoined from doing so. Appellees tendered the balance of the purchase money into court, prayed for a restraining order against appellants from encumbering or transferring said real estate to others, and for a mandatory injunction against Gaughan & Sifford, commanding them to deliver the deed to appellees, and for all other relief to which they might be entitled.

Gaughan & Sifford filed answer, admitting that the deed was in their possession, having received same through the mail from Roy L. Haines, who resided in Gloster, Mississippi, with instructions not to deliver it until appellees paid them $500 for him and until he received his share of the personal property in the estate of his grandmother, Cora J. Haines, deceased; that they would continue to hold the deed subject to the orders of the court.

Appellants interposed the defense that W. S. Haines, in making the alleged contract for the sale of said real estate, was without authority to represent G. L. Haines, his brother, or Mrs. Grace Tannehill, his sister, and that neither, after obtaining full knowledge of the facts of the trade, by act or word ratified said contract; that, before they obtained knowledge of the facts of the trade, they executed the deed in question, but, before same was delivered, they recalled it. Their prayer was for a dismissal of appellees' bill for the want of equity.

The cause was submitted to the court upon the pleadings and evidence, which resulted in a decree commanding Gaughan & Sifford to deliver the deed in question to appellee, upon their payment to the clerk of the court of $1,975, the balance of the purchase money, which sum should be equally divided between W. S. Haines, G. L. Haines and Mrs. Grace Tannehill after the administration upon the estate of Cora J. Haines, deceased, with the will annexed, should be closed and all bequests under the will and probated debts against the estate should be paid.

The testimony offered in behalf of appellees was, in substance, to the effect that W. S. Haines, claiming to represent himself and the other heirs of Cora J. Haines, deceased, sold the land in question to appellees for $2,000, $25 of which sum they paid to him in cash, the balance to be paid when the deed for said lands was delivered; that the following receipt was given by him for the cash payment: "Camden, Arkansas. 12-11-1919. Received of G. S. Rumph and H. B. Lide, $25 as part payment on our home place, south part of city of Camden, known as the Joel Haines place, consisting of about 30 acres, more or less, and the consideration of the whole amount is to be $2,000 and all taxes for year 1919 to be paid by us, Haines heirs. (Signed) W. S. Haines." That, at the time, it was understood Roy L. Haines owned an interest in the real estate; that, pursuant to the agreement, a deed was executed by appellants and sent to the firm of Gaughan & Sifford in Camden for delivery to them;

that, some time after the deed was made, W. S. Haines requested them to take back the $25 and call the trade off; that they refused, and Haines then said he was going to call the trade off anyhow and threw the $25 down in the office, which was picked up by Joe Terrell, put in an envelope with Mr. Haines' name on it and put in the safe; that they refused to accept the $25; that, after appellants refused to carry out the contract, they offered to pay them the balance of the consideration, which they refused; that they also offered to pay the balance of the consideration to Gaughan & Sifford, which was refused; that they did not tender the actual money.

The testimony offered in behalf of appellants was, in substance, to the effect that W. S. Haines acted for himself and, without authority, assumed to act for the other appellants in the sale of the real estate in question for a cash consideration of $2,000 and at the time accepted $25 as a part payment; that, pursuant to the contract, he executed a deed himself for the land to appellee, G. S. Rumph, in which he expected appellants, Geo. L. Haines, Laura Haines, his wife, Mrs. Grace Tannehill (*nee* Haines) and Roy L. Haines and wife to join, it being understood at the time that Roy L. Haines had an interest in the real estate; that, without explaining the nature of the transaction to Geo. L. and Laura Haines, they signed and acknowledged the deed, and it was then sent to Mrs. Grace Tannehill in Texas for her signature and execution; that she executed it and forwarded it to Roy L. Haines at Gloster, Mississippi, for execution; that Roy L. Haines claimed an interest in the land, as well as the personal property, belonging to his grandmother, Cora J. Haines, deceased, executed the deed and mailed it to Gaughan & Sifford for delivery to appellees when they paid $500 to said firm for him for his interest in the real estate and such additional sum as might be due him on settlement of the estate of Cora J. Haines, deceased; that the will of Cora J. Haines, deceased, was probated, by the terms of which only $50 was devised to the said Roy L. Haines, and the entire real estate be-

queathed to W. S. Haines, G. L. Haines and 'Mrs. Grace 'l'annehill. Before the transaction was closed by delivery of the deed to appellees by Gaughan & Sifford, the trade was called off by the appellants and Gaughan & Sifford instructed not to deliver it. The letter written by Mrs. Grace Tannehill to her brother, W. S. Haines, instructing him not to proceed further with the deal is as follows: "If sale of place has not gone through, call it off at once. I believe we can do better. The papers are full of oil prospects there in Arkansas."

Neither Roy L. Haines nor his wife, Clara Haines, were made parties defendant. The cause was submitted to the court upon the pleadings and evidence, which resulted in findings that W. S. Haines, representing himself and assuming to represent Geo. L. and Laura Haines and Mrs. Grace Tannehill, contracted to sell the lands in question to appellees for $2,000, which contract was ratified by Geo. L. Haines, Laura Haines and Mrs. Grace Tannehill; that W. S. Haines, George L. Haines and Mrs. Grace Tannehill were the sole owners of the land devised from their mother, Cora J. Haines. Upon these findings a decree was rendered requiring appellees to pay the clerk of the court the balance of the purchase price of the land to be held by the clerk until the administration pending on the estate of Cora J. Haines, deceased, should be finally settled and the liabilities on same liquidated, after which the balance of the consideration not used in liquidating the indebtedness against said estate and paying the bequests in the will should be divided equally between W. S. Haines, George L. Haines and Mrs. Grace Tannehill, and that, upon the payment of the balance of the consideration to the clerk by appellees, Gaughan & Sifford should deliver the deed, deposited with them by Roy L. Haines, conveying said real estate to appellee G. S. Rumph. From the decree, appellants have prosecuted an appeal to this court.

Appellants insist that the evidence is insufficient to uphold the finding of the chancellor that the contract for the sale of the land, made by W. S. Haines, was ratified

by Geo. L. Haines and Mrs. Grace Tannehill, and that, for that reason, the court was in error in ordering a delivery of the deed, deposited with Gaughan & Sifford, to appellees. In relation to the doctrine of ratification of an unauthorized act of an agent by the principal, this court said in the case of *Coffin* v. *Planters Cotton Company*, 124 Ark. 360, that (syllabus 2), "Before one can be held to have ratified any unauthorized act of one who assumes to be his agent, the principal must have knowledge of all the material facts upon which said agency is predicated, and ignorance of such facts renders the alleged ratification ineffectual and invalid." The question at once arises, what are the material facts necessary for a principal to know in a land sale, in order to bind him on a contract of sale of same, executed by an unauthorized agent? •Where no fraud or deception is charged, the material facts are the consideration, terms and conditions of sale. All this was known, or could have been known, by Geo. L. Haines and Mrs. Grace Tannehill before the execution of the deed in question. No misrepresentation as to the contents of the deed was made. The deed showed on its face that the consideration was $2,000 cash. With full knowledge of the consideration, terms and conditions of the sale, they both signed and acknowledged the deed conveying same to appellees, and it was mailed by Mrs. Grace Tannehill to Roy L. Haines for execution and delivery by him. The only reason for recalling the deed is that, after the execution of same, it was discovered that there was oil talk in the neighborhood of the lands. Unless some deception had been practiced by appellees or the unauthorized agent upon them in this regard, the mere discovery that lands had enhanced on account of oil developments would furnish no excuse for withdrawing their ratification of the unauthorized act of their agent, W. S. Haines. We think the execution of the deed by Geo. L. Haines and Mrs. Grace Tannehill, under the facts detailed, was a ratification of the contract of sale and purchase of said land. The facts were ample to justify a decree against appellants

for specific performance, and the court should have ordered W. S.. Haines, Geo. L. Haines and Mrs. Grace Tannehill to execute a deed to appellees for said real estate, upon the payment by them of the consideration agreed upon.

We do not think, however, the facts warranted a decree ordering Gaughan & Sifford to deliver the deed, because one of the parties grantor therein was Roy L. Haines, who claimed an undivided one-fourth interest in the land, and deposited it with Gaughan & Sifford with directions not to deliver it until that amount was paid to them for him and until they procured an adjustment and settlement of his interest in the personal estate of Cora J. Haines, deceased. He was not made a party to the suit, and the court could not adjudicate his interest in the real estate so as to bind him without first, making him a party to the suit. The decree, in regard to the delivery of the deed, was erroneous, and, in that respect, is reversed, and the cause is remanded with directions to render a decree for specific performance of the contract.