## DeCamp v. Graupner.

### Opinion delivered March 19, 1923.

1. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY.—An agent may testify as to his agency and the extent of his authority.

2. EVIDENCE—PLEADING.—A vendor's answer in a vendee's suit to rescind a contract of sale of land for fraudulent representations by the former's agent, in which the vendor admitted that her husband was her authorized agent, held competent to prove such agency.

3. PRINCIPAL AND AGENT—LIABILITY FOR AGENT'S FRAUD.—One is liable for his agent's fraud and misrepresentations within the apparent scope of his employment, whether he authorized or knew of them or not.

4. PRINCIPAL AND AGENT—DELEGATION OF AUTHORITY.—Where personal trust or confidence is reposed in an agent, and especially

when the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another, unless there is a special power of substitution, either express or necessarily implied; but an agent may generally employ others to assist him in the purely ministerial and unimportant details of his duty, or wherever there is a necessity therefor or the employment of subagents is usual and customary.

5. PRINCIPAL AND AGENT—RATIFICATION OF UNAUTHORIZED ACT.— Where one without authority made false representations inducing another to buy land, and subsequently became the owner's agent before the sale was made, the owner was not liable unless she had knowledge of such representations when she executed the deed; knowledge being essential to ratification.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Sam M. Wassell,* for appellant.

The court erred in excluding the testimony and directing a verdict. *St. Louis S. W. Ry.* v. *Britton,* 107 Ark. 158; 154 S. W. 219; 145 S. W. 48; 103 Ark. 199. The agent may testify in regard to his agency and the extent of his authority. *Sandford* v. *Handy,* 23 Wend. 260. See *Udell* v. *Atherton,* 7 H. A. N. 171 Jur. (N. S.) 777, 3 L. J. Exch. 337, 4 L. T. Rep. (N. S.) 797. Foot note in Goddard Cases on Agency, 774, 2 Howard 311; 91 S. W. 484; 61 Mo. App. 401; 174 Mo. App. 555, 24 L. R. A. (N. S.) 511; 81 S. E. 426; 155 S. W. 979; 71 Atl. 223; Mechem on Agency, sec. 285, note 81; 198 S. W. 272; Words and Phrases, "Estoppel in Pais," 366; 16 Cyc. 679; *Rogers* v. *Galloway College,* 64 Ark. 627; 39 L. R. A. 636; 1 R. C. L. 468; 79 S. W. 1013. Implied and apparent authority. *Roach* v. *Rector,* 123 S. W. 339; 93 Ark. 521; *St. L. I. M. & S. Ry.* v. *Jones,* 96 Ark. 558, 132 S. W. 636; *U. S. Bedding Co.* v. *Andre,* 105 Ark. 111; 150 S. W. 413; *Kelley* v. *Carter,* 55 Ark. 116; 17 S. W. 707; 196 S. W. 818. Extent of agent's testimony. *Ayer Land Ins. Co.* v. *Young,* 90 Ark. 104, 117 S. W. 1080; 135 S. W. 332. Separate answer of appellee was admissible in evidence, 14 A. L. R. 22, and allegations of complaint not denied

admitted.   46 Ark. 132, 91 Ark. 30; 120 S. W. 393, 46 Ark. 132.

No brief for appellee.

Smith, J.   On March 4, 1920, appellant purchased from appellee a house and lot for $5,700, making a cash payment of $700, and executing a number of notes for $100 each, payable one each month, and, in addition, assumed the payment of an outstanding mortgage.   He made the payments due in May and June, but declined to make the July payment, contending that a fraud had been practiced upon him. He brought suit in the chancery court, asking for a rescission, but, as appellee had sold the notes, appellant surrendered the premises and brought suit for damages for the alleged fraud.

Appellant testified that Mrs. Gill, the saleswoman, showed the house to him and his wife at night, and made a number of representations in regard to it which induced him to buy, but which were in fact false.   In the course of this testimony he stated what Mrs. Gill had said about the house, and objection was made to this testimony on the ground that Mrs. Gill's agency had not been shown. Mrs. Gill was then called, and her testimony was objected to on the same ground, and she was told to stand aside, and appellee's husband was called, and he was asked about his own agency, with the obvious purpose of proving Mrs. Gill's agency to show the property to prospective purchasers.   An objection was made to the first question asked this witness, and the court ruled that "you cannot establish a subagency, or the delegation of authority, by the testimony of either the agent or the delegated agent."

Appellant then offered in evidence the answer appellee had filed in the suit for the rescission of the contract, in which she admitted that her husband was her authorized agent in negotiating and selling the property, but an objection to this admission was made and sustained.

This exhausted appellant's proof, and the court thereupon directed a verdict in appellee's favor, from which is this appeal.

The court erred in its ruling excluding testimony. The existence of an agency cannot be shown by proving the acts and declarations of the agent, but the agent may himself testify in regard to his agency and the extent of his authority. The court should therefore have allowed appellant to examine both appellee's husband and Mrs. Gill concerning their agency.

The court should also have admitted in evidence the answer in the rescission suit as an admission tending to prove her husband's agency. *Valley Planting Co. v. Wise,* 93 Ark. 1.

Appellant also insists that, inasmuch as Mrs. Gill sold the property to him, appellee, by executing the deed, ratified all the alleged false representations made by her in the course of the negotiations leading up to the sale. This may or may not be true, but, inasmuch as the court did not admit the testimony showing the existence of Mrs. Gill's agency, or the extent of her authority, we can only lay down a few general principles of the law of agency for the guidance of the court on the retrial of the cause, which must be ordered.

One is liable for the fraud and misrepresentation of his agent within the scope of the agent's employment, and this is true whether the principal authorized or had knowledge thereof or not. See article on Principal and Agent in 21 R. C. L., p. 850, and cases cited in the footnotes. In section 38 of the same article, p. 860, it is said: "It is a general rule that, in all cases of delegated authority, where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal, and cannot be delegated to another, unless there is a special power of substitution, either express or necessarily implied. * * * He may, however, as a general

thing, employ others to assist him in the purely ministerial and unimportant details of his duty. And their acts, when done in his name and recognized by him, either specially or according to his usual mode of dealing with them, are regarded as his acts, and as such binding on his principal. Furthermore, authority to employ subagents or assistants may be inferred in the absence of an express authorization, wherever there is a necessity therefor or the employment of subagents is usual and customary.'' The annotated cases cited in the note to the text quoted collect many cases which support the text. See also *Roach* v. *Rector,* 93 Ark. 521.

The question of ratification may not enter into the case after it has been fully developed. If the testimony shows that Mrs. Gill was appellee's agent, and if, acting within the scope of her employment, she made false and fraudulent representations in regard to the property, then appellee is responsible therefor, but the responsibility arises out of the general principles of agency stated above, and not by way of ratification. On the other hand, if Mrs. Gill was not appellee's agent when she made the false representations inducing the sale, if she made them, but became appellee's agent before the sale was made, then appellee would not be liable therefor, unless she had knowledge thereof when she executed the deed, for knowledge is essential to ratification.

But we proceed no further with this discussion, as we do not know what details will develop when appellant is permitted to examine appellee's husband and Mrs. Gill in regard to their agency.

For the errors in refusing to permit the examination of these witnesses, and in excluding the answer filed in the rescission suit, the judgment is reversed and the cause will be remanded for a new trial.