## PATTEN v. ROBBS.

## Opinion delivered December 12, 1927.

1. PRINCIPAL AND AGENT—EVIDENCE.—Agency cannot be established by declarations and acts of an agent at the time or subsequent to the transaction.

2. FRAUDS, STATUTE OF—PROMISE TO PAY ANOTHER'S DEBT.—A promise by a third person to pay the pre-existing debt of another must be in writing in order to bind the obligor, unless the promise is made for a new consideration.

Appeal from Clark Circuit Court; *J. H. McCollum,* Judge; reversed.

*McMillan & McMillan,* for appellant.

*Joseph Callaway,* for appellee.

HUMPHREYS, J. This suit was commenced in the magistrate's court by appellee against appellant to recover the value of a suit of clothes charged to appellant by direction of appellant's son-in-law, Cecil Varne, who made the purchase.

Appellant denied that he authorized the purchase of the suit, and pleaded the statute of frauds. Upon the trial of the cause in the magistrate's court and in the circuit court, where the case was carried on appeal, judgment was rendered against appellant in favor of appellee for $31. An appeal has been duly prosecuted to this court from the circuit court's judgment.

Appellee brought the suit upon the theory that he could establish authority of Cecil Varne to buy the suit on account of appellant, by the statement of Cecil Varne when he made the purchase; or, if not, that he could recover on the subsequent oral agreement of appellant to pay the account. Appellee was allowed, over the objection and exception of appellant, to testify that Cecil Varne told him that appellant said for him to buy the suit and he, appellant, would pay for it when he returned from Camden. He also testified that, after sending several statements of account to appellant, to which he received no response, he called on appellant, and was told by him that he had brought a suit against the railroad company for killing his son-in-law (Varne), and

if he collected anything from the company he would pay him, and if he failed to collect anything, he would pay him anyway.

Appellant testified that he gave his son-in-law no authority to buy the suit of clothes on his account, and that he did not afterwards agree to pay for it.

The court sent the case to the jury upon appellant's theory under the following instructions:

Instruction A given by the court:

"If you find from a preponderance of the evidence that the defendant authorized his son-in-law to purchase the goods in controversy from the plaintiff and to have them charged to the defendant, or if you find from a preponderance of the evidence that the defendant did not authorize his son-in-law to purchase the goods from the plaintiff and have them charged to him, but you further find that, after he had purchased them and had them charged to him, the defendant was informed that he had, and he ratified his act in purchasing and having them charged to him, then you are told the plaintiff is entitled to recover."

Instruction B given by the court:

"You are further instructed that, if you find from the evidence the defendant did not authorize his son-in-law to purchase the goods from the plaintiff and have them charged to him, and never ratified his act in doing so, then you will find for the defendant."

These instructions were erroneous and prejudicial, for agency cannot be established by declarations and acts of an agent at the time or subsequent to the transaction. *Latham* v. *First National Bank,* 92 Ark. 315, 122 S. W. 992; *Arkmo Lumber Company* v. *Cantrell,* 159 Ark. 445, 252 S. W. 901; *DeCamp* v. *Graupner,* 157 Ark. 578, 249 S. W. 6. And a subsequent promise by a third person to pay the pre-existing debt of another must be in writing and signed in order to bind the obligor, unless the promise is made for a new consideration. *Zimmerman* v. *Holt,* 102 Ark. 407, 144 S. W. 222.

Under appellee's own evidence it was the duty of the trial court to instruct a verdict for appellant.

On account of the error indicated the judgment is reversed, and appellee's complaint is dismissed.