KORY *v.* EAST ARKANSAS LUMBER COMPANY.

Opinion delivered March 31, 1930.

W. E. *Beloate, Jr.*, and *Robert C. Powell*, for appellant.

*Smith & Blackford* and *G. M. Gibson*, for appellee.

BUTLER, J.   In the early part of 1917, W. E. Beloate became the agent of Ida Less Kory, then Mrs. Ida Less, to conduct for her certain litigation, and to take charge of her property, consisting principally of a farm, and to rent and manage the same for her. A written contract was entered into between them by which the authority of Beloate was set out, and a power of attorney executed authorizing him to perform the acts and duties mentioned in said contract.

On the 15th day of May, 1921, the following note was executed:

"$648.40         Walnut Ridge, Arkansas, May 15, 1921.

"November 1, 1921, after date, for value received, I, we, or either of us, promise to pay to the order of the East Arkansas Lumber Company six hundred forty-eight and 40/100 dollars at the office of East Arkansas Lumber Company, at Walnut Ridge, Arkansas, with interest at ten per cent. per annum from date until paid, and with costs of collection or an attorney's fee in case payment should not be made at maturity. If the interest be not paid when due, to become as principal and bear the same rate of interest. The consideration hereof is lumber and materials furnished the maker.....hereof for improvements upon.....in the city of ..............................., county of................................. and State of..........................., the property of................................,the last materials of this account being furnished on the......................day of ................................., 19............ It is hereby expressly understood and agreed that, in the making or in the accepting of this note, the rights of a lien for the consideration hereof are not waived, but may be filed to preserve

and enforce the same. The makers and indorsers of this note hereby severally waive presentment for payment, notice of nonpayment, protest and consent that the time of payment may be extended without notice thereof.

"(Signed) Ida Less,

"By W. E. Beloate.

"W. E. Beloate.

"Due November 1, 1921. P. O. Walnut Ridge, Ark."

At the time of the filing of the suit hereinafter mentioned the above note bore the following indorsements on the back thereof:

"Paid October 31, 1921, $63, interest $29.88.

"Paid October 2, 1922, $25.88.

"Paid November 13, 1922, $40, interest $60.

"Paid February 28, 1927, $75."

Suit was brought against Mrs. Ida Less Kory and W. E. Beloate. Mrs. Kory being a nonresident, notice of the suit was given by warning order, and a garnishment issued and served on J. D. Doyle personally and as receiver, it being alleged that he was indebted to Mrs. Kory at the time of the filing of the suit in a sum equal to or in excess of the amount sued for. Mrs. Kory answered denying any indebtedness to the plaintiff, appellee here, or that the note sued on was executed with her authority or knowledge or that any person, by her order or with her authority or knowledge, received any of the several payments indorsed on the note, or that the same had been paid; that she had no knowledge of any of the alleged transactions until after the suit had been filed on the 8th day of February, 1928. As a further defense to the action, she pleaded the statute of limitations in bar of plaintiff's cause of action.

Witnesses for the appellee testified that the note sued on was a renewal note, and that at the time the original note was executed and at the time the renewal note was made W. E. Beloate stated that he had authority to sign the same, and that he had a power of attorney giving him such authority. There was testimony to the

effect that Beloate was the agent of Mrs. Kory for the management of her farm in Lawrence County, and that he executed rent contracts, and also a building contract with one Roscoe Carty, and that from time to time he had maintained actions on behalf of Mrs. Kory with respect to controversies arising over the transactions had relating to the plantation which he managed.

J. W. Trieschman, a witness for the appellee, testified that he was secretary and general manager of the appellee company, and that once a year for the last three years the books and accounts of the appellee had been audited by a firm of auditors, Ernst & Ernst; that this firm had sent out verifications of the accounts due the appellee; that directions had been given the auditors to send accounts or statements to all persons indebted to the appellee as shown by its books, and that it had been the custom of the auditors to report to the appellee any account or statement which had been returned to them as undelivered; that it was the custom to send out these statements with the return card of the auditors in the upper left-hand corner, and that they had made no report showing that any statement addressed to Mrs. Ida Less Kory had been returned. The witness did not himself mail the notices, but gave instructions that they should be mailed, and the witness testified that the records showed that they were mailed out. The letters were not written by the witness but were made up from a form letter by the stenographers with directions to mail them to those whose names appeared on the books as being indebted to the appellee company. According to this witness, the appellee did not know where Mrs. Ida Less Kory lived, but the postoffice to which the notices were addressed was Walnut Ridge.

Mrs. Kory testified that no notice of any indebtedness claimed to be due the appellee were ever forwarded to her at St. Louis, her place of residence or elsewhere, from Walnut Ridge and that she never received from any source any such notices, and did not know until

after suit was filed that the appellee claimed she was indebted to it. She attached to her deposition a copy of the contract entered into between her and Mr. Beloate in 1917, and testified that after the execution of this contract and power of attorney, which was of record in the office of the recorder at the county seat of Lawrence County, she had never visited Walnut Ridge but on one occasion, remaining there only a few hours, and that she knew nothing of the details of Beloate's transactions with respect to the management of her farm.

The contract, in so far as it is material to the issues involved in this suit, after providing for the employment of Beloate to attend to litigations affecting Mrs. Kory's dower and homestead rights, contains the following provision:

"And after the said one-third interest for life in said real estate is so set off, he shall rent, lease, repair, collect rents, pay taxes, both general and special, and manage the life interest in said real estate to the best interests of her, the said Mrs. Ida Less, and act and do all things necessary and expedient for and in her behalf as her business manager in the promotion, care and protection of the same, looking to the best financial returns thereon, . * * *.

"He shall obtain and reserve, and in her name and behalf, enforce for her until duly satisfied under the terms and spirit thereof, a landlord's lien on all crops to protect her interest in rents. He shall make all rent contracts in his name as her agent, and may bring such actions as may be necessary or expedient, and shall defend all suits that may be brought against said Ida Less growing out of the ownership and control of her rights in the estate of said Isaac Less, deceased, and is to do any and all things necessary for the proper care and protection of said estate and her interest therein in having the same properly and expediently set off to her. He shall pay and advance all necessary repairs, court costs and taxes, both general and special, out of the

yearly rents hereinafter referred to, and take credit therefor out of the annual return of said property."

On the same day upon which the above contract was made a power of attorney was signed by Mrs. Less, and duly filed and recorded in the office of the circuit clerk and ex-officio recorder of Lawrence County, which is as follows:

"Know all men by these presents: That I, Ida Less, for and in consideration of the sum of one ($1) dollar, by cash in hand paid, and other considerations, do hereby appoint and constitute W. E. Beloate my agent and attorney-in-fact, subject to the conditions of a certain contract entered into this day between us, to represent me in the estate of my late husband, Isaac Less, and to collect all interest I have in said estate, and to collect all rents that may be due me for lands that may be set aside to me as dower.

"This power of attorney, subject to conditions of said contract, which is made a part hereof, as if set out in full, it being understood that each party has a copy of the same.

"Witness my hand and seal this 21st day of February, 1917.

"(Signed)  Ida Less  (Seal)"

The power of attorney was duly acknowledged before a notary public in the city of St. Louis, and recorded as aforesaid in Deed Record No. 27 at page 253.

It is the contention of the appellee that W. E. Beloate was the general agent of Ida Less Kory in the management of her real properties in Lawrence County, and that the execution of the note sued on was within both the real and apparent scope of Beloate's authority, and in addition, that the action of W. E. Beloate in signing the name of Mrs. Ida Less to the note was ratified by her for the reason that notice of the execution of the same was given her, and that she had received the benefit of the materials, purchase price of which was represented by the note in question, and that the appellee was look-

ing to her for payment of said note. In support of the first contention the appellee quotes from 21 R. C. L. 853, where a distinction is made between the power of a general and special agent to bind the principal, and that a general agent is usually authorized to do all acts in connection with the business and employment in which he is engaged, and "where it appears that an agent has done an act for the benefit of his principal, and that the latter has not questioned the authority of the agent to bind him, it will be presumed, until the contrary appears, that the agent was duly authorized. Though the agent exceeds his authority, the principal will be bound to the extent that he has acted within the powers conferred on him. * * * And this permits him to adopt any authorized usage or mode of dealing. An agency to manage property implies authority to do with the property what has previously been done with it by the owners or others with their express or implied consent or to do with it what is usual and customary to do with property of the same kind in the same locality."

The appellee further quotes from the same volume, *supra,* pages 854, 855 and 856, where the well recognized rule is stated that all acts of an agent within the apparent scope of the authority conferred are also binding upon the principal, and that where the principal knowingly permits the agent to exceed the powers actually granted and receives the benefit thereof, such acts will bind the principal because within the apparent scope of his agent's authority, and "whenever the principal has placed an agent in such a situation that a person of ordinary prudence conversant with business usage and the nature of the particular business is justified in assuming that such agent is authorized to perform in behalf of his principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it."

This rule has been recognized and followed by this court in a number of cases which have been cited by

counsel for the appellee and to which we give our full assent. However, they have no application to the facts in the instant case. While Beloate might be said to be the general agent of Mrs. Ida Less Kory, his agency was one of limited power not arising from implication but from the express language of the written contract, the source and limit of his authority, and any declaration that he might have made with reference to his agency or his power could not be binding upon the principal. *Patten* v. *Robbs,* 175 Ark. 784, 300 S. W. 388. It was the duty of the appellee, in dealing with Mr. Beloate, to ascertain the extent of his authority, and this it could readily have done by calling upon him to exhibit the contract which by the express terms of the power of attorney, was made a part of that instrument. The agency was created by a written contract, and the nature and extent of the agent's authority must be ascertained from it, and such authority cannot be extended by the declarations of the agent himself or his conduct while in the performance of his duties, except where such conduct is shown to be known to the principal who having received the benefits of such conduct, has acquiesced therein. *American Agricultural Chemical Co.* v. *Bond,* 177 Ark. 164, 6 S. W. (2d) 2. By necessary implication the contract under which Beloate acted precluded him from pledging the credit of his principal, for it was expressly stipulated that "he shall pay and advance all necessary repairs * * * out of the yearly rents hereinafter referred to and take credit therefor out of the annual return of said property." Therefore, when Beloate executed the note in controversy to the appellee in the name of Mrs. Ida Less, he exceeded the authority conferred by the contract and the note had no binding effect in so far as Mrs. Less was concerned. Before the appellant could be said to have ratified this unauthorized act of Beloate, it must first be shown that she derived some benefit from the transaction. As to this, the record is altogether silent. If, in fact, building material was purchased and a note

given for the purchase price thereof, there is no showing that the material so purchased was used in the repair or construction of buildings on Mrs. Kory's farm. The most that is shown is the hearsay statement of W. E. Beloate, Jr., who, in a letter to Mr. Robert C. Powell of St. Louis, used the following expression: ''I am advised that this is an action of debt for material purchased and used in building a tenant house on the farm.'' Further, it would be necessary to show that Mrs. Kory knew and acquiesced in the action of Beloate in purchasing the material, if in fact he did purchase it, and in using it on her farm. She testified positively that she knew nothing of this until long after the suit had been filed on February 8, 1928, and that she did not authorize Beloate to make the purchase or to execute the note. There is nothing in the record to contradict this statement. At most, there is the testimony of Mr. Treischman as to what he believed was done by his employees in mailing out the notices. If he is correct in his assumption that the notices were mailed to Mrs. Kory, there is a total lack of evidence that the same were ever forwarded to her.

We think the evidence wholly insufficient to sustain the contention that Mrs. Kory received the benefit of the transaction, and knew of and assented to the same. In our view of the evidence, the trial court erred in its finding and judgment in favor of appellee.

On the question of limitation, it might be said that with the exception of the notations on the note in question there is nothing to show that any payment has been made thereon. There is no evidence showing by whom the notations were made, or, indeed, if any payment had been made at all. No witness testified that any payments had been made, and in view of the appellant's testimony, we do not think the indorsement alone would be sufficient to establish the alleged payments. *Slagle v. Box,* 124 Ark. 43, 186 S. W. 299; *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. (2d) 1089, 59 A. L. R. 899.

The decree of the trial court is reversed, and the case is dismissed.