RUNYAN *v.* COMMUNITY FUND OF LITTLE ROCK.

Opinion delivered October 20, 1930.

*Francis T. Murphy* and *Eugene H. Murphy,* for appellant.

*S. L. White* and *S. S. Jefferies,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the Pulaski Circuit Court, third division, for balances totaling $1,450 after allowing certain credits, upon two alleged written subscriptions to appellee by appellant of $1,000 each. The written subscription cards were filed as Exhibits A and B to the complaint.

Subscription A was dated November, 1925, and promised to pay appellee $1,000 for the year ending Oc-

tober 31, 1926, in installments as follows: "One-fourth by December 1, one-fourth February 1, one-fourth May 1, one-fourth July 1." The card was not signed by appellant, but there appeared after the word "signature," "pledged verbally to J. J. Harrison." On the reverse side of the card appeared appellant's name and address in typewriting, and the amount subscribed with the following credits thereunder: "Dec. 22, 1926, $250; $100 without legible date; July 28, 1928, $100."

Subscription B was dated November, 1926, and promised to pay appellee $1,000 for the year ending October 31, 1927, in installments as follows: "One-fourth by December 1, 1926, one-fourth February 1, 1927, one-fourth May, 1, 1927, one-fourth July 1, 1927." On the reverse side of the card appears the name of appellant, the amount subscribed with credit thereunder of $100 without date.

Appellant filed an answer denying that he signed the subscription card marked Exhibit A, or that he authorized the subscription, or that he made any payments thereon; admitted that he signed subscription card marked Exhibit B and alleging that the payments credited on subscription A should have been credited on subscription B.

The prayer of the answer is that subscription A be canceled and held for naught, and that the credits appearing on subscription A be transferred and treated as credits on subscription B.

The cause was submitted to a jury upon the pleadings and testimony adduced by the respective parties which resulted in a verdict and consequent judgment against appellant for $550 on subscription A with interest and $900 on subscription B and interest, from which is this appeal.

Appellant contends for a reversal of the judgment because the court refused to instruct that he was not liable on subscription A and that he was only liable on

subscription B in the sum of $450, upon the theory that the undisputed evidence showed that he was not liable on subscription A and that he only owed $450 with interest on subscription B.

The record reflects without dispute that appellant did not sign or authorize any one to sign subscription card A, or that he authorized a subscription for $1,000 for the fiscal year 1925-1926. His name does not appear on the card signed by himself or any one else. Opposite the word "signature" are these words: "Pledged verbally to J. J. Harrison." Appellant testified that he did not make a verbal pledge to J. J. Harrison, who was the leader of the community drive that year. J. J. Harrison testified that appellant was associated with him in raising the community fund for the fiscal year 1925-1926, and that during the activities of the campaign appellant stated to him and others that he planned to give $1,000, and, based upon that statement, he told C. H. Wickard, the secretary, that appellant had pledged verbally $1,000 but that he would not state at all that appellant had authorized him to pledge that amount for him, and made it still more emphatic by saying that he did not authorize him to make the pledge. Under our interpretation of this testimony, it was clearly error for the trial court to submit the issue of the liability of appellant on subscription card A to the jury.

Appellee argues, however, that the liability of appellant on subscription A was submitted to the jury upon the theory that the testimony, though conflicting on the point, tended to show that he subsequently ratified the subscription of the fiscal year 1925-1926, and in support of ratification, calls our attention to the testimony of C. H. Wickard to the effect that they mailed appellant monthly statements showing balances, and to an O. K. written on the letter by appellant which he received from H. W. Hennegin Company, auditor of appellee's account, mailed to him in November, 1926, which showed on its

face that appellant owed $1,000 on an unpaid pledge to appellee up to October 31, 1926.

Relative to the monthly statements the testimony was insufficient to show that appellant received them. C. H. Wickard's testimony failed to show that the envelopes containing the notices were properly addressed to appellant and deposited in the postoffice. No presumption could or would arise that appellant received the notices sent by mail unless properly addressed and deposited in the mail.

Appellee testified that, before receiving the latter from the auditors, he subscribed $1,000 for the fiscal year 1926-1927 to appellee, and that when he O. K.'d the letter and returned it he thought it related to the subscription he had made for the fiscal year 1926-1927. It is true that if appellant had carefully read the letter he would have discovered that it related to a subscription of $1,000 for the fiscal year 1925-1926, but one relying upon ratification of an unauthorized act of an agent must show that at the time of ratification the principal had full knowledge of all the material facts connected with the transaction. *Martin* v. *Hickman,* 64 Ark. 217, 41 S. W. 852; *Haines* v. *Rumph,* 147 Ark. 425, 228 S. W. 46; *DeCamp* v. *Graupner,* 157 Ark. 578, 249 S. W. 6; *Arkansas Valley Bank* v. *Kelley,* 176 Ark. 387, 3 S. W. (2d) 53, 58 A. L. R. 808; *Hoxie* v. *Woolen,* 181 Ark. 483, 28 S. W. (2d) 61. In order to meet the requirements of the rule, full knowledge of all the material facts connected with the transaction should have been shown, and not merely an opportunity to know all the material facts connected therewith. In other words, the doctrine of ratification is not based upon the carelessness or negligence of a principal in failing to find out all the material facts connected with the transaction, but is based upon his actual knowledge thereof.

In the instant case, however, there is another essential lacking. The subscription was not made by an agent or one acting as an agent for appellant. J. J. Harrison

did not claim to have acted as agent for appellant in making the subscription. He disavowed acting in such a capacity for appellant. It is said by Mr. Page in his work on Contracts, § 1768, that: "The doctrine of ratification in agency applies only to the contract of one who is an agent or who claims to act as an agent. A contract made by one who is not an agent and does not claim to act as an agent cannot be ratified. To permit ratification under such circumstances would be to permit a person to whom an offer was not made to force a contract upon a party who did not mean to deal with him." The text is supported by sound reasoning and a long line of well considered cases.

The evidence was therefore wholly insufficient to submit the issue of liability of appellant to appellee on subscription A, and the trial court erred in doing so.

It follows that the credits on subscription "A" should be applied as payments on subscription "B." This is accordingly done, and the judgment is reduced from $1,450 to $450 and, in accordance with the modification, is affirmed.