GATES *v.* FLANAGIN.

Opinion delivered October 27, 1930.

*McMillan & McMillan,* for appellant.
*McElhannon & Callaway,* for appellee.

KIRBY, J., (after stating the facts). Appellants contend that Flanagin had breached the contract in failing to make payments before removal of the timber from the lands in accordance with its terms, and that the undisputed testimony showed such to be the case, and that the court erred in not directing a verdict in their favor.

It is undisputed that appellee failed to pay for the timber cut before its removal from the land every two weeks in accordance with the terms of the contract, his own letter introduced in evidence admitting that such was the fact and arguing it would be to the advantage of appellants to allow him to continue to perform the con-

tract. He did not contend, however, that he was given permission to proceed after appellants' agent stopped him from cutting the timber, but only insists that, because of the agreement with the agent about the acceptance of the scale at the mill for timber cut, appellants had waived the provision for the payment of the timber every two weeks and before its removal from the ground.

The burden was upon him, of course, to show that an agent with authority to do so had done some act that would amount to a waiver of performance of this condition by appellants. The only authority claimed for the agent was that expressly given in the written contract made with appellee, and a fair construction of it shows only authority on the part of said agent as attorney in fact to represent appellants under the contract and require all things done which either of appellants could require done if personally present, expressly authorizing him to supervise the cutting of the timber and to cause the cutting and removal to be stopped at any time there might be a breach thereof. It was the duty of appellee, in dealing with Bullock, to ascertain the extent of his authority, a limited one by the terms of the contract appointing him. He was acquainted with all the provisions of the contract and necessarily knew that the agent's authority could not be extended by any of his declarations or his conduct in the performance of his duties, unless such conduct was shown to be known to the principals, and that they had acquiesced therein by receiving benefits therefrom. It is not even claimed that appellants had acquiesced in any conduct of the agent's that could be construed as a waiver of the terms of the contract or that they had received benefit therefrom; and he was bound to know the extent of the agent's authority created by the written contract to which he was a party, and that he could only insist upon the performance of the contract, that it was without the agent's authority to waive any of its terms, and the court erred in not so instructing the jury. *Korey* v. *East Ark. Lbr. Co.,* 181 Ark. 478, 26 S. W.

(2d) 896; *American Agricultural Chemical Co. v. Bond,* 177 Ark. 168, 6 S. W. (2d) 2; *U. S. Bedding Co. v. Andre,* 105 Ark. 114, 150 S. W. 413, 41 L. R. A. (N. S.) 1019, Ann. Cas. 1914D, 800; *Welch v. McKinzey,* 66 Ark. 251, 50 S. W. 505; *American Southern Trust Co. v. McKee,* 173 Ark. 147, 293 S. W. 50.

As already stated, the undisputed testimony shows that appellee breached the contract by failure to pay for the timber cut in accordance with its terms, and, having done so, was not entitled, of course, to a recovery of damages for the acts of appellants in denying him the right to proceed further in its performance thereafter, and the court erred in not directing a verdict in appellants' favor as requested.

The judgment is accordingly reversed, and the cause, appearing to have been fully developed, will be dismissed. It is so ordered.