SIMPSON *v.* BROWN-DESNOYERS SHOE COMPANY.

Opinion delivered October 11, 1902.

LIMITATION—PART PAYMENT—BURDEN OF PROOF.—Where the fact of part payment is relied upon to stop the running of the statute of limitations, the burden is on the plaintiff to show it.

Appeal from Clay Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

*J. C. Hawthorne,* for appellants.

The ten-year statute of limitation has been repealed. Acts 1889, p. 87. Appellee's claim was barred. 65 S. W. 103; 65 S. W. 425.

RIDDICK, J.   This is an action brought by the Brown-Desnoyers Shoe Company against D. M. Simpson and wife to foreclose a mortgage. The mortgage was executed on the 3d day of March, 1891, to secure a promissory note of same date for $611, due and payable on or before the 3d day of March, 1892, and the action to foreclose was brought on the 1st day of August, 1899. The defendants filed an answer setting up the statute of limitations as a defense to the action. The record recites that the case was heard in the chancery court upon the complaint, mortgage, note and the answer of the defendants. The court overruled the plea of the defendants, and gave judgment in favor of the plaintiff.

We regret that in considering this appeal we have not had the assistance of a brief from counsel for plaintiff. On the hearing before the chancellor only the plaintiff appeared by attorney, and we have on the appeal a brief for defendants only. While this is not a satisfactory way of hearing cases, yet in this case the record is short, and the facts not complicated. The note became due over seven years before the action was commenced, but the complaint alleges that the defendants made certain payments on the note, the last of which was on the 26th day of March, 1892. This was still over seven years before the action was commenced, but the complaint further alleges that after the last payment above mentioned the defendants paid on the note to an agent of the plaintiff "a certain small amount by way of rent on the property," but neither the date nor the amount of this payment are stated in the complaint, and there is nothing in this allegation, or in the record, to show that this payment for rent was made within five years before the commencement of the action to foreclose. Although the mortgage and note are both under seal, yet, being executed after the act of 1889, the period of limitation is five years, and, unless a payment was made on the note at some later date than that mentioned in the complaint, the note and mortgage shows on their face that they are barred. If any such payment was made, the burden was on the plaintiff to show it. *Watkins* v. *Martin,* 69 Ark. 311; Wood on Limitations (3d Ed.), § 116.

As we see the record, nothing is shown to take the case out of

the statute. On the contrary, the facts as set out in the record show that the action was barred. We are therefore of the opinion that the judgment in favor of the plaintiff should be reversed and the case dismissed, and it is so ordered.