Gorman *v.* Pettus.

Opinion delivered December 19, 1903.

1. LIMITATION—PART PAYMENT.—Proof that a debtor borrowed money of a third person which was in the creditor's hands, and that the creditor applied part of the loan as a credit on his own claim, and handed the residue to the debtor, and at the same time gave him a statement showing the disposition of the loan, together with proof that a few months before his death the debtor admitted to another the existence of the debt, was sufficient to show that the part payment was made with the debtor's authority.  (Page 78.)

2. PART PAYMENT—PRESUMPTION.—In the absence of rebutting evidence, proof of part payment of a debt raises a presumption that the debtor recognized the existence of the debt, and promised to pay the residue. (Page 79.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Affirmed.

STATEMENT BY THE COURT.

Pettus & Buford, a mercantile firm, on January 1, 1900, presented to the probate court a claim against the estate of D. S. Cook for $512.57 for balance due on account.  Gorman, as administrator of the estate, resisted the claim on the ground that the debt was barred by statute of limitations.  The probate court found in favor of the plaintiffs, and allowed the claim.  The case was afterwards tried in the circuit court on appeal, the only point at issue being whether the account of the plaintiff was barred

by statute of limitations. On this point H. P. Gorman testified on part of plaintiffs as follows: "In March, 1899, I was book-keeper for Pettus & Buford, and at this time their books showed that Mr. Cook was indebted to them in the sum of $578.78. The last charge or credit upon the books was in 1892. On March 16, 1899, I, as bookkeeper, placed a credit on the account of $100, and under the following circumstances: Mr. Cook borrowed some money from Mr. E. A. Rolfe, who was not at this time a member of the firm, but he is at the present time, and the money loaned by Rolfe to Mr. Cook was, at the time the loan was made, on deposit at the store of Pettus & Buford, and Mr. Cook obtained the money through the firm in the following manner: we first paid off an incumbrance that was on the land mortgaged to Mr. Rolfe, and then gave Mr. Cook's account credit for $100, and gave him a check for the balance coming from the loan, and at the same time gave him a statement, showing what disposition was made of the money that he had borrowed. Up to the time that this $100 was placed on the account, there had not been either a charge or a credit against Mr. Cook's account since 1892. The balance due Pettus & Buford from Mr. Cook at the time of his death, with interest, as shown by the books of Pettus & Buford, was $512.57. Mr. Cook did not tell me to give him credit for the $100, but he was in the office at the time. This was the only indebtedness owed this firm at this time. I cannot remember any conversation Mr. Cook had, any more than I could any other customer. These things are too numerous and frequent."

In addition to the testimony of H. P. Gorman, the plaintiff introduced an insurance agent, who testified that Cook, within four or five months of his death, came to his office, and talked about making application for some insurance. At that time he stated to the agent that he was indebted to plaintiffs, and said that, if they would pay the premiums, he would take out a policy on his life, and allow them to hold it as security.

This was all the evidence. The case being submitted to the court without a jury, the court found that the debt was not barred and gave judgment in favor of the plaintiffs for the amount of their debt and interest.

*S. H. Mann,* for appellant.

A credit entered after a claim has become stale or affected by the bar of the statute of limitations does not make out a *prima facie* case of payment.   44 Ark. 532; 12 Ark. 775.   Upon the principle of part payment taking a case out of statute of limitation, see 19 Am. & Eng. Enc. Law, 226.   Such payment must be a voluntary act of the debtor, and explainable only as a recognition and confession of an existing liability.   18 Ark. 321; 105 N. Y. 636; 65 N. H. 173.

*Norton & Prewett,* for appellees.

The payment tolled the statute.   44 Ark. 532; 60 Ark. 497; 20 Ark. 171.   The findings of the lower court will not be disturbed unless wholly unsupported by evidence.   17 Wall. 657. The probate judge had no authority to order the appeal, and same should have been dismissed.   Sand. & H. Dig., § 1149.   The judge, as distinguished from the court, has not the power to do the official act within the power of the court.   30 Ark. 764; 38 Ark. 213; 13 S. W. 764.   The circuit court having had no jurisdiction, this court acquired none on appeal.   7 Ark. 430; 19 Ark. 301; 29 Ark. 475.

RIDDICK, J. (after stating the facts.) This is an action by plaintiffs against the administrator of the estate of D. S. Cook to recover a judgment on an account held by them against D. S. Cook.   There is no dispute about the amount of the account, and the only defense set up is that the claim is barred by statute of limitations.   This action on the account was commenced on the 1st day of January, 1900.   The account shows that on March 16, 1899, a credit of $100 was placed on the account.   Prior to that time the last charge or credit upon this account was in 1892.   It thus appears that at the time this credit of $100 was entered the account was already barred, and the question we have here is whether the evidence was sufficient to support the finding of the court to the effect that the sum of $100 was paid by Cook on the account at that time, and whether this payment removed the statute bar from the remainder of the debt.   "The presumption of a deliberate promise to pay the residue, which the fact of part

payment raises, can arise only from what would be deemed an actual part payment. But the fact of actual payment need not in every instance be proved directly. Circumstances from which the payment may be presumed are enough, in the absence of a rebuttal of that presumption." *Wilson* v. *Pryor,* 44 Ark. 534.

Now, in this case it is conclusively shown that $100 belonging to Cook were appropriated by plaintiffs and credited on his account on the day named. The only room for doubt is whether this payment was authorized by Cook, and whether he intended it to go as a part payment on the account for which he owed plaintiffs.

The evidence shows that Cook had borrowed certain money from one Rolfe which money was paid to him through the firm of Pettus & Buford. A portion of the money borrowed from Rolfe was applied to pay off a prior incumbrance on land that Cook mortgaged to Rolfe to secure his loan. One hundred dollars of the same were applied as a credit on the account which Cook owed Pettus & Buford, and the remainder was paid over to Cook. The bookkeeper could not recall any conversation he had with Cook about the credit, but remembered that Cook was present in the office at the time the credit was entered, and witness also stated that at the time the credit was entered he gave Cook a statement showing what disposition was made of the money that he had borrowed from Rolfe; that is to say, as we understand witness to mean, he gave Cook a statement showing that a certain part of the money had been applied to remove an incumbrance on the land mortgaged to Rolfe, and that $100 had been applied as a credit on and in part payment of the account sued on. There was also other evidence showing that Cook within four or five months of his death admitted that he was indebted to plaintiffs. We think the evidence sufficient to support the finding of the court that these $100 were appropriated and paid on the account by and with the knowledge and consent of Cook. There are no circumstances in evidence to rebut the presumption that arises from this payment on his account, so the law presumes from the part payment that he recognized that it was a just debt, and promised to pay the balance due. We are therefore of the opinion that the judgment should be affirmed, which is so ordered.