## SHINN *v.* PLOTT.

### Opinion delivered April 1, 1907.

1. APPEAL—CONCLUSIVENESS OF COURT'S FINDINGS.—The findings of the circuit court, sitting as a jury, upon evidence legally sufficient must be accorded the same degree of conclusiveness as the verdict of a jury. (Page 261.)

2. JUSTICE OF THE PEACE—PLEADINGS.—Pleadings before a justice of the peace, or in the circuit court on appeal, may be oral, but must be specific, and the justice is required to write down the substance thereof upon his docket. (Page 261.)

3. APPEAL—ISSUE NOT CONSIDERED BELOW.—Where the pleadings and the evidence show that no issue was made upon the correctness of the account sued upon, such an issue will not be considered upon appeal. (Page 262.)

Appeal from Pope Circuit Court; *William L. Moose,* Judge; affirmed.

*Brooks & Hays* and *Sellers & Sellers,* for appellant.

The account was not proved, nor was the account verified. Only books of original entry are admissible in evidence, and a proper foundation must be laid. 10 Ark. 402; 63 *Id.* 562; 60 *Id.* 320; *Id.* 342; 53 S..W. 271; Abbott, Trial Evidence (2 Ed.), 400; 2 Wigmore, Ev. § 1530. No objection to incompetent testimony necessary. 42 Ark. 310. There is no testimony to sustain the judgment. The whole testimony is before the court for review, and should be treated as the findings of a chancellor. 55 Ark. 116; 41 *Id.* 294; 23 *Id.* 241.

*R. B. Wilson,* for appellees.

The account cannot be questioned here for the first time. There was no such issue below. The finding of the court, like the finding of a jury, must stand if there is any legal evidence to support it.

McCULLOCH, J. This is an action instituted by appellees, Plott, Newport & Company, a firm of merchants, against appellant, M. R. Shinn, to recover the amount of an account for goods sold. The case was tried on appeal in the circuit court before the trial judge sitting as a jury, and judgment was rendered for the plaintiffs.

The goods charged on the account were delivered to one Stinnett, a sharecropper on defendant's farm, but plaintiffs claim that they sold the goods upon defendant's account, and delivered the same to Stinnett at his instance and request. This was denied by the defendant.

There is no proof of an express agreement on the part of the plaintiff to purchase the goods for Stinnett, or that the same were to be sold and delivered upon his credit, but members of the plaintiff firm, and one of the employees, testified to various conversations with defendant in which it is shown that he authorized the sale of the goods and impliedly agreed that the same should be sold on his account. The conversations detailed by them reasonably bear that construction, and were sufficient, if believed to be true, to warrant a finding that defendant authorized the sale and delivery of the goods on his credit.

There being evidence legally sufficient to sustain the finding, it is our duty not to disturb it. The findings, upon legally sufficient evidence, of the court sitting as a jury must be accorded the same degree of conclusiveness as the verdict of a jury. *Schuman* v. *Sanderson,* 73 Ark. 187, and cases cited.

It is contended by counsel for appellant that there was no evidence at all of the correctness of the account sued on. This, however, was not made an issue by the pleadings, and the question cannot be raised here for the first time.

Pleadings before a justice of the peace, or in the circuit court on appeal, may be oral, but must be specific, and the

justice is required to write down the substance thereof upon his docket. Kirby's Digest, § 4580.

The bill of exceptions in this case shows that the defendant "entered a general denial of liability," and the testimony was directed solely to the question whether or not the defendant had authorized the purchase of the goods on his credit. Stinnett was introduced as a witness, and testified fully as to the circumstances under which the goods were sold and delivered, but neither party asked him or any other witness about the correctness of the account. It is obvious, that, throughout the trial, this was not regarded as an issue in the case, and it is too late to make it an issue.

Judgment affirmed.