## SLAGLE v. BOX.

Opinion delivered May 15, 1916.

1. LIMITATIONS—PROOF OF PAYMENTS—BURDEN.—Where payments are relied upon to stop the running of the statute of limitations, the burden of proof is on the party alleging it to show by other evidence, in addition to the endorsement, that the payment was in fact made.

2. LIMITATIONS—DATE OF PAYMENTS.—The date of the payment, and not the endorsement, or entry of it, marks the time of the inter-

ruption of the statute, unless a future date is agreed upon by the parties.

3. LIMITATIONS—OBLIGATION OF CO-DEBTORS—PAYMENT BY ONE DEBTOR.— The partial payment of a debt by one of the joint and several debtors after the same is barred by the statute of limitations, does not revive the debt as to the co-debtor.

Appeal from Benton Chancery Court; *Wm. A. Falconer,* Chancellor; affirmed.

*A. L. Smith,* for appellant.

1. Whether appellee be treated as a surety or as a co-maker, his liability is the same. A surety is bound absolutely, unless he relieves himself in the mode pointed out in the statute. 113 Ark. 198. It is conceded that a payment by a co-maker after the statute has run will not revive a debt against the other party and if at any time the action was barred as to appellee, it could not be maintained against him unless he did some act which revived it against him.

2. The action was never barred by limitation, payments having been made regularly, which revived the debt. Appellee acquiesced in the payments. Black's Law Dict., p. 19; 60 Ark. 492; 65 *Id.* 222; 69 *Id.* 399; Wood on Limitation, par. 110; 38 Ark. 295; 32 *Id.* 645.

3. If appellee consented to the payments appellant had the right to apply it as a credit in the absence of a direction from the debtor. Cases *supra.* The last payment was within five years. The finding that the note was barred is clearly against the preponderance of the evidence.

*Rice & Dickson,* for appellee.

1. None of the payments or credits were directed or consented to by appellee. The burden was on appellant to show by evidence other than the endorsement, the fact that payment was made. Kirby's Digest, § 5091; 70 Ark. 598. None of the payments were authorized by appellee. The payments by Sam Box after the statute bar attached does not revive the debt against his co-debtor. 10 Ark. 108; 12 *Id.* 762; 14 *Id.* 199; 20 *Id.* 293.

2. It is the date of the actual payment which stops the statute and not the endorsing of the credit. 9 Ark. 455, 460; 20 *Id.* 293; 25 Cyc. 1375. The creditor must prove the date of payment. 14 Ark. 85, 213; 25 Cyc. 1368, note 76; 7 Port. (Ala.) 537.

3. A part payment does not *proprio vigore* start anew the statute of limitations, but it is a fact from which a new promise may be inferred. 25 Cyc. 1371-2. No affirmative act was shown by appellee.

4. Appellee settled in full and was discharged by the settlement.

KIRBY, J. Appellant brought suit on June 16, 1914, against P. Box, appellee, upon a promissory note for $1,148, dated May 16, 1891, and due one day after date and bearing interest at the rate of 10 per cent per annum until paid. This note was signed "Sam Box, Principal," and "P. Box."

The complaint alleged that four payments had been made upon the note and endorsed thereon as follows: "May 16, 1896, $10; May 7, 1901, $1,369.93; Nov. 25, 1905, $33.50; Sept. 22, 1910, $2.00."

The execution of the note was admitted and it was alleged that defendant had compromised and settled and paid the plaintiff the amount of his liability on the note, which was accepted in full discharge and satisfaction of all liability; set up laches of the plaintiff in not proceeding to compel the payment by Sam Box, the principal debtor, and the granting of extension of time for payment to said Sam Box without defendant's consent, and also plead the statute of limitations. Later he filed a further equitable defense and moved to transfer to equity, which was done.

Upon the trial, the chancellor found for the defendant, that the note sued on was barred by the statute of limitations and entered a decree, from which this appeal is prosecuted.

Appellant testified that the first credit endorsed as of date May 16, '96, was the amount of a store account that

he owed to Box Bros., who were in business at Hico, when the debt was contracted. Sam Box stated that Box Bros. quit business in 1888 and that Slagle did not owe a store account and that they had been out of business a number of years on the date of the endorsement of said credit. He also said he did not request the endorsement, nor agree to such credit, that it was an imaginary credit and Slagle had said to him that the note was out of date and suggested an imaginary credit.

Defendant stated that Box Bros. had gone entirely out of business three or four years before the note sued on was executed and that if Slagle owed a store account it was contracted three or four years before the note sued on was given. The next payment was made by Sam Box, and appellant stated it consisted of the price of a small tract of land conveyed to him by Sam Box. The deed executed by Box and wife to appellant was dated November 24, 1896, and he stated that the amount was to be credited on the note on the date of the deed and appellant stated that the making of the deed was the final consummation of the trade for the five acres of land, of which he took possession immediately thereafter. Nothing else entered into this credit and no part of it was paid by appellee.

Appellant stated that the $33.50 credit was for part of the value of an iron safe which he had bought from Box Bros., that he had the safe at his house and it was there when he moved in; that Sam Box had lived in the house before he did. He could not remember the year the iron safe was turned over to him, but it had been in the house ever since he had moved in.

Appellee stated that Slagle asked him about the safe and he told him he had nothing to do with it and had never bought any safe or opened it, to see Sam about it; that he made no agreement with him about the price of the safe nor any credit therefor, that he had no interest in it.

Sam Box testified that he made no payment on the date this item was credited.

Appellee also stated that appellant made no demand on him for payment of the note sued on until about May 1, 1914, and five or six years after he had paid his own note of a like amount to appellant.

(1) When payments are relied upon to stop the running of the statute of limitations, the burden of proof is on the party alleging it to show by other evidence in addition to the endorsement that the payment was in fact made. *Simpson* v. *Brown-Desnoyers Shoe Co.,* 70 Ark. 598; *Brown* v. *Hutchings,* 14 Ark. 84.

(2) It is likewise true that the date of the payment and not the endorsement, or entry of it, marks the time of the interruption of the statute, unless a future date is agreed upon by the parties. 25 Cyc. 1375; *Alston* v. *State Bank,* 9 Ark. 455; *Borden* v. *Peay,* 20 Ark. 293.

(3) The law is also well settled that the partial payment of the debt by one of the joint and several debtors after the same is barred by the statute of limitations, does not revive the debt as to the co-debtor. *Borden* v. *Peay, supra; Biscoe* v. *Jenkins,* 10 Ark. 108; *Mason* v. *Howell,* 14 Ark. 199.

The testimony is in conflict as to whether the credit of $10.00 first named was ever paid by either of the makers of the note and the preponderance of the testimony certainly shows that the second credit, entered as of May 7, 1901, was the price of a certain piece of land sold and conveyed and the possession thereof delivered to appellant by Sam Box as a payment upon the note in 1896, the date of deed being November 24, of that year, the undisputed proof showing that the appellant entered into possession immediately thereafter. His statement that the endorsement was made, as of the date shown upon the note, by agreement as against the denial of the payor, Sam Box, and his statement that it should have been entered as of the date of the delivery of the deed and possession of the land, which was in 1896, or '97 at most, if the transaction should not be regarded consummated until the execution of the commissioner's deed thereafter under the mortgage foreclosure, can not be said to con-

stitute a clear preponderance of the testimony against the chancellor's finding to the contrary.

The next credit as shown by the endorsement, was more than five years thereafter, if the payment was in fact made, and if it was made by Sam Box by the delivery of an iron safe, there does not appear to be any good reason for saying that it should not have been entered as of the date of delivery of the safe to appellant, who admits that the safe was in the said house he purchased of Sam Box when he moved in.

It is not contended by appellant that appellees made the payment of $2.00 endorsed of September 22, 1910.

Within the principles of law announced, if the partial payments were not made before the bar of the statute attached, they would not have effect to continue the debt alive, nor would the payment by one of the makers after the bar had attached, revive the debt as to his co-maker.

The evidence is in conflict as already said, but we are not able to ascertain that the chancellor's finding that the debt was barred by the statute of limitation is clearly against the preponderance of it, in fact, his findings as to the dates of some of the payments appear to be supported by the preponderance of the testimony.

We find no prejudicial error in the records and the decree is affirmed.