## WHITE COMPANY v. BRAGG.

### Opinion delivered April 20, 1925.

1. TRIAL—IMPEACHMENT OF VERDICT—EVIDENCE OF JUROR.—A juror will not be heard to say that he never assented to the verdict after an opportunity had been given him to express his dissent when the verdict was rendered.

2. SALES—CONDITIONAL SALE—LIABILITY OF SELLER ON RESALE.—Under a Tennessee statute providing that, in case of a conditional sale with retention of title, "should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this article, the original purchaser may recover from said seller that part of the consideration paid," held that where the seller failed to advertise and sell the regained property in the manner and time required by the statute, the original purchaser may recover from him the entire amount paid on the contract, without set-off or abatement for the use, hire or rent of the property; the statute providing a right which by comity will be enforced in other States.

3. APPEAL AND ERROR—CHANGE OF THEORY ON APPEAL.—A party cannot on appeal, contend for a theory of the case different from that for which he contended in the trial court.

Appeal from Crittenden Circuit Court; *G. E. Keck,* Judge; affirmed.

    *Canada & Williams,* and *S. V. Neely,* for appellant.

    *Caraway & Isom,* for appellee.

HUMPHREYS, J. Appellant brought this suit in the circuit court of Crittenden County against appellee to recover a balance of $1,760 upon a note given for the purchase money of an automobile bus. It was alleged

in the complaint that appellant sold the bus to appellee in Memphis, Tennessee, under a conditional sales contract, for $6,134, of which sum $1,134 was paid in cash, the balance being payable in installments, evidenced by seven promissory notes; that the conditional contract provided that the title to the bus should remain in appellant until the purchase money was paid in full, and that, upon failure to pay same at maturity, appellant should have the right to repossess and sell it at public auction, credit the amount received on the purchase money, and recover the balance from appellee; that, on December 12, 1922, there remained due and unpaid $2,288.08, whereupon appellant seized and sold the bus at public sale, at which sale it brought $528.08, and that said amount was applied upon the debt, leaving a balance of $1,760.

Appellee filed an answer admitting all the allegations in the complaint, except the allegation that appellant sold the bus at public sale in the manner provided under the law in Tennessee, and also filed a cross-bill to recover $4,000 which he had paid appellant on the purchase price of said bus, upon the ground that appellant had rescinded the contract by failing to advertise and sell the bus in accordance with the laws of Tennessee.

The cause was submitted to a jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict in favor of appellee on his cross-bill for $4,200, which was reduced by the court to $3,900. A judgment was rendered in accordance with the verdict as reduced, from which is this appeal.

A motion for a new trial was filed upon several grounds, one of which was that the verdict returned by the foreman was not the verdict of the jury. Appellant introduced two of the jurors in support of his motion, who testified, in substance, that the verdict agreed upon by the jury was to the effect that neither appellant nor appellee should recover anything from the other, and that neither had assented to the verdict returned into court by the foreman of the jury. On

cross-examination, however, they admitted that, when the verdict was returned and read by the clerk, the court asked if it was the verdict, and they, with the other jurors, held up their hands in approval. Section 1300 of Crawford & Moses' Digest provides a method for testing the correctness of a jury's verdict. The statute reads as follows:

"The verdict shall be written, signed by the foreman, and read by the court or clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagrees, the jury must be sent out again, but, if no disagreement is expressed, and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case."

The purpose and intent of this statute was to prevent a juror from impeaching the verdict after it had been returned into and accepted by the court.

"It is well settled that a juror will not be heard to say that he never assented to the verdict after an opportunity has been given him to express his dissent, when the verdict was rendered." 3 Enc. Ev., 228; 8 Enc. Ev., 973. The motion to set aside the verdict was properly overruled.

The statutes of Tennessee covering conditional sales of property, digested in Shannon's Code, is as follows:

"When any personalty is sold upon condition that the title remains in the seller until that part of the consideration remains unpaid, it shall be the duty of the seller, having regained possession of said property because of the consideration remaining unpaid at maturity, to, within ten days after regaining said possession, advertise said property for sale to the highest bidder, by printed notice, said notice to be posted at least ten days before the day of sale, and contain a description of the property to be sold and the time and place of sale, under the debt unsatisfied before the day of sale, then it shall be the duty of said original seller to sell said property, and, with the proceeds of said sale, satisfy the amount of

his claim arising from said conditional sale, and the expenses of advertisement, if any, and the remainder of said proceeds, if any, he shall pay over to the original purchaser; but the said original seller and purchaser may, at any time, by agreement, waive the sale provided in this article.

"Should said property, at the sale provided by this article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser."

"Should the seller, having regained possession of said property, fail to advertise and sell the same as provided by this article, the original purchaser may recover from said seller that part of the consideration paid, in an action before any justice of the peace or court having jurisdiction."

The Supreme Court of Tennessee upheld this act as constitutional, and construed it as meaning that "it is the positive duty of the original vendor to resell the property upon his reclamation thereof, under the contract, and, for his failure to do so within the manner and time required by the statute, the original purchaser may recover from him the entire (amount) paid on the contract, without setting off or abatement for the use, hire or rent of the property."

The undisputed testimony shows that on December 12, 1922, default was made in the payment of the balance of the purchase money due on the notes; that the balance due thereon was $2,288.08, and that appellant took possession of the bus in Memphis for the purpose of selling it in accordance with the terms of the contract and the laws of Tennessee. There is a conflict in the testimony as to whether the sale of the bus was advertised and made in accordance with the law. This issue was submitted to the jury, under correct instructions, and decided adversely to appellant. The finding of the jury is therefore conclusive upon it.

Appellant makes the further contention, however, that, because appellee had sold his equity in the bus to O. B. Cook, he had no right to recover the amount he paid appellant as purchase money for the bus. The record does show that, by and with the consent of appellant, appellee sold his equity in the bus to O. B. Cook, but also shows that appellant did not release appellee from the original contract. On the contrary, appellant brought suit against appellee upon the original contract. We are unable to see why appellee cannot maintain a cross-action under the original contract, if still bound by the contract. The Tennessee statute provides that the original purchaser may recover the purchase money paid to the vendor if said vendor retakes the property and fails to sell it at public sale after advertising the sale in the manner and for the time prescribed by the statute. The statute created a right and not a remedy, and the right will be enforced, through comity, by courts of other States.

No error appearing, the judgment is affirmed.

Humphreys, J. (on rehearing). Our attention has been called to the facts that appellee sold his equity in the bus to O. B. Cook, and that his right as original purchaser under the statute of Tennessee to recover the amount he paid appellant had passed to the subvendee. Appellant has cited the case *Tschopik* v. *Lippincott* (Tenn.) 48 S. W., p. 130, in support of its contention that appellee had no right to recover on his cross-bill because he had sold his equity in the property to O. B. Cook before filing same. This question was not made an issue in the trial court by the pleadings, testimony, and instructions of the court. It is well settled in this State that "a party cannot, on appeal, contend for a theory of the case different from that which was contended for in the trial court." *Southern Ins. Co.* v. *Hastings,* 64 Ark. 253; *Shinn* v. *Plott,* 82 Ark. 260. In view of this rule, it is unnecessary for us to discuss the effect of the decision cited upon the Tennessee statute involved in the instant case.

The motion for a rehearing is therefore overruled.