JOHNSON, ADMINISTRATOR *v.* MURPHY.

4-6875                                    166 S. W. 2d 9

Opinion delivered November 30, 1942.

*Means Wilkinson* and *Geo. W. Johnson,* for appellant.

*D. W. Bryan,* for appellee.

GREENHAW, J. Appellant prosecutes this appeal from a judgment of the Sebastian probate court, Greenwood District, allowing the claim of appellee against the estate of Mrs. Matilda Richards in the sum of $478.25, for merchandise, after appellant as administrator of said estate had disallowed the claim.

The claim was filed February 28, 1941. The account upon which the claim was based started prior to August 1, 1921, at which time the balance due thereon was $506.03. The last sale to the deceased under this account was in 1933. The account showed numerous payments, with nothing paid after 1936 except in 1938. It is obvious that it was barred by the statute of limitation if the three small payments listed as credits in May, August and September, 1938, were not made. No one testified concerning these payments or credit entries except the claimant, appellee. Appellee was permitted to testify over the objections of appellant that the 1938 payments were made by the deceased and he entered the credits on his books; that the account was correct and the deceased knew what her account was, as he told her the amount of her balance, and that she saw the account.

Appellant contends that this testimony by appellee was incompetent as violative of § 5154 of Pope's Digest which reads as follows: "In civil action, no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party

shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party."

He further contends that the mere fact that the alleged 1938 payments were entered on the account and appear as credits is insufficient, standing alone, to prove that these payments were in fact made by the deceased. We concur in both contentions.

In the case of *Slagle* v. *Box,* 124 Ark. 43, 186 S. W. 299, this court, in discussing credit indorsements on a note otherwise barred, said: "When payments are relied upon to stop the running of the statute of limitations, the burden of proof is on the party alleging it to show by other evidence in addition to the endorsement that the payment was in fact made. *Simpson* v. *Brown-Desnoyers Shoe Co.,* 70 Ark. 598, 70 S. W. 305; *Brown* v. *Hutchings,* 14 Ark. 83."

In *Kory* v. *East Arkansas Lumber Co.,* 181 Ark. 478, 26 S. W. 2d 896, this court said: "On the question of limitation, it might be said that with the exception of the notations on the note in question there is nothing to show that any payment has been made thereon. There is no evidence showing by whom the notations were made, or, indeed, if any payment had been made at all. No witness testified that any payments had been made, and in view of the appellant's testimony, we do not think the indorsement alone would be sufficient to establish the alleged payments. *Slagle* v. *Box,* 124 Ark. 43, 186 S. W. 299; *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d 1089, 59 A. L. R. 899."

Since there was no evidence that the alleged 1938 payments were in fact made except the testimony of appellee, which was incompetent, these credits stand unexplained, and under the above cases the mere indorsement on the account is insufficient to establish the alleged payments. The case of *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d 1089, is in point on both contentions, and is controlling here. That case involved the effect of indorsement of payments on a note, as well as both

competent and incompetent testimony concerning the alleged payments. It was held that Spangler, the payee and owner of the note, whose status there was in effect the same as that of appellee here, was precluded by § 4144 of Crawford & Moses' Digest, now § 5154 of Pope's Digest, above quoted, from testifying about the payments and credits. Among other things it was there said:

"Objection was made to the testimony of appellee to the effect that payments on the note were made in 1918 and in 1923, but the court overruled the objection tentatively, upon the statement of appellee's counsel that, if the testimony was not finally shown to be competent, it could be excluded and not considered by the court. The case was tried by the court without a jury. Counsel for appellee asserts that it was his understanding, at the time this testimony was offered, that other testimony would show the payments had been sent to appellee by Johnson, but, when the testimony failed to establish that fact, it was conceded that appellee had given incompetent testimony, in that he had testified to transactions with the ward of the defendant guardian, and that thereafter the court was not asked to, and did not, consider this incompetent testimony, and that this testimony was not considered by the court in the findings of fact made, but that the findings which were made were based upon testimony which was competent, to-wit, the testimony of Davis and Rhodes. . . .

"It is conceded that most of the testimony given by appellee was incompetent, as being in violation of the statute quoted above, but it is insisted that this testimony was not considered by the court, and that there was sufficient competent testimony to show a payment on the note by Johnson within five years of the date of the institution of this suit. . . .

"The competency of the testimony of the witnesses Davis and Rhodes is not questioned, and their testimony, if credited, as was done by the court, shows a payment on the note within five years of the date of the institution of the suit, and at a time when the maker of the note was sane.

"Now, if the payment credited as having been made in 1918 could be said to have been shown to have been made by competent testimony, then the note was not barred by. the statute of limitations when the last payment was made in 1923. It was evidently the opinion of the trial court, as reflected by the findings of faot, that the indorsement of the 1918 payment arrested the running of the statute of limitations and formed a new period from which the statute ran. It has been said, however, that 'where payments are relied upon to stop the running of the statute of limitations, the burden of proof is on the party alleging it to show by other evidence, in addition to the indorsement, that the payment was in fact made.' *Slagle* v. *Box,* 124 Ark. 43, 186 S. W. 299; *Simpson* v. *Brown-Desnoyers Shoe Co.,* 70 Ark. 598, 70 S. W. 305, *Brown* v. *Hutchings,* 14 Ark. 83. As there was no other testimony that the payment indorsed in 1918 had been made except the indorsement itself and the incompetent testimony of Spangler, it must be held that the note was, in fact, barred by the statute of limitations when the payment was made in 1923. . . ."

In the comparatively recent case of *Graves* v. *Bowles,* 190 Ark. 579, 79 S. W. 2d 995, this court, in reversing the judgment of the circuit court allowing the claim, said: "The appellee testified in this case. He was not called by the adverse party, and most of his testimony was incompetent, and we feel impelled to say that the court in permitting this testimony to be introduced, suffered himself to be influenced thereby. The testimony, as to transactions with the deceased, is violative of § 4144, Crawford & Moses' Digest, and the cases there cited."

We, therefore, hold that as there was no evidence that the 1938 payments indorsed on the account had been made except indorsements themselves and the incompetent testimony of appellee, the account was barred by the statute of limitations when the claim was filed. Furthermore, the testimony of appellee as to transactions with the deceased was in violation of § 5154 of Pope's Digest.

Since this cause appears to have been fully developed, the judgment is reversed and the cause dismissed.