HUDSON *v.* JOHNSON, *et al.*

5-144                                    262 S. W. 2d 262

Opinion delivered October 12, 1953.

Rehearing denied November 2, 1953.

*A. D. Chavis,* for appellant.

*Jay W. Dickey,* for appellee.

MINOR W. MILLWEE, Justice. This is an action in ejectment by appellant, Emma Hudson, to oust appellee, Berkie Cannon, from a lot about 50 feet x 120 feet, in the City of Pine Bluff, upon which appellee has made her home for the past thirty years.

Appellant asserted title under a state tax deed dated May 10, 1944, which described a tract containing 4.10 acres. Appellant also alleged that her title had been quieted by a prior chancery decree in which she was plaintiff and Rufus May was a defendant. In an amendment to her complaint, she alleged that the final chancery decree excepted therefrom the land occupied by appellee, who was not made a party to the chancery suit. In her answer, appellee claimed title under certain deeds and by adverse possession for the statutory period. Trial before the circuit judge sitting as a jury resulted in a judgment sustaining appellee's claim of adverse possession and dismissing the complaint.

As we view the record, the only question for determination is whether the court's finding on the question

of adverse possession is supported by substantial evidence.

It is well settled that where a case is tried before the circuit judge sitting as a jury, his finding on a question of fact is as conclusive on appeal as a jury's verdict and will not be disturbed if there is any substantial evidence to support it. *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d 1089, 59 A. L. R. 899; *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322.

It is undisputed that appellee has resided upon the land claimed by her for the past thirty years. She testified that she moved on the property in 1923, as the tenant of Rufus May, from whom she later purchased the property. She received a deed from May to most of the land on November 17, 1933, and a second deed to the remainder of the property on March 23, 1944. These deeds recite a consideration of $765. She also testified that she had maintained the land under fence and paid taxes on it since 1933, under a claim of ownership. Although she first testified that she was only claiming the land described in her two deeds, she later stated that she claimed the property she had actually occupied under fence, regardless of the correctness of the descriptions in the deeds. Appellee's testimony as to her occupancy of the land was corroborated by several other witnesses.

While appellee admitted she was a witness for Rufus May in the prior chancery suit, she denied that she there testified that the property claimed by her and purchased from May in 1933 belonged to the latter. She also testified that, at that time, she understood that May was not claiming the property occupied by her, but was claiming adjacent property. While counsel for appellant is critical of this testimony, his own client admitted that she testified in the chancery case that she had no intention of claiming the property occupied by appellee but later changed her mind because appellee and others had talked about her.

Appellant argues that her title and right to possession were fully established by her deed from the State

and possession thereunder for more than two years. But it is undisputed that appellee has been in possession of the land claimed by her since 1923 and that appellant has never been in actual possession of the property.

After the appeal was lodged here, appellee filed a petition for certiorari to require the circuit clerk to complete the record by sending up the final chancery decree entered on August 8, 1952, which recites that the property occupied by appellee was excepted from its provisions. Appellant has filed a motion to quash the writ of certiorari on the ground that said decree was never introduced at the trial, while appellee contends that it was admissible under a stipulation that ''all pleadings'' in the chancery case might be made a part of the record. We find it unnecessary to determine whether the decree is properly a part of the record. As previously indicated, appellant alleged in the amendment to her complaint that the land claimed by appellee was excepted from the final chancery decree, and this was not disputed by appellee. Moreover, the decree was exhibited to the court during the trial, and it was there agreed that the land occupied by appellee was specifically excepted from the decree. Under this state of the record, it is unnecessary to pass on the motion to quash.

The evidence offered by appellee was substantial and sufficient to sustain every element of adverse possession for a period of more than seven years after appellant obtained her deed from the State. The judgment is, therefore, affirmed.