THE PRELOAD CENTRAL CORPORATION *v.* WARD.

5-597                                     275 S. W. 2d 443

Opinion delivered February 14, 1955.

*John L. Hughes,* for appellant.

*Ernest Briner,* for appellee.

ED. F. McFADDIN, Justice. Appellant sued appellee for $1637.51 as balance claimed due on a contract. Appellee denied that any balance was due. The case was tried by the Court without a Jury, and resulted in a finding and judgment for appellee. The question on appeal is whether there is substantial evidence to support the Court's finding.

## Background Facts.

Appellee Ward had contracted to construct a 500,-000-gallon prestressed concrete clearwell in the City of Benton. The specifications called for an earthen pit to be excavated about 18 feet deep and large enough in circumference to allow a space of two feet between the outside walls of the clearwell and the sides of the earthen pit. This space was to allow room for construction, but was to be filled after construction had been completed. Appellee subcontracted the construction of a portion of the clearwell to appellant at the agreed price of $19,871.00. The subcontract was in writing, dated July 24, 1950, and provided, *inter alia,* that appellee was to do the excavation work and appellant was to perform its portion of the construction of the clearwell within 60 calendar days from commencing. There had been a paragraph in the instrument which read:

"Ernest J. Ward shall furnish, if required, all necessary sheeting, shoring and dewatering necessary to maintain site in dry condition for our work all without cost or delay to The Preload Central Corporation."

It was admitted by appellant that the above paragraph was deleted before the contract was signed, and that appellant had increased its price $300.00 (from $19,571.00 to $19,817.00) because such deletion placed on appellant the duties that would have been on appellee except for such deletion. Appellant did most of the work required of it but delayed completion a long time on account of the absence of materials. During this delay — and after the 60 calendar days — considerable rainfall caused about 9 feet of water to accumulate in the space between the clearwell and the sidewalls of the pit, with the result that the concrete floor of the clearwell buckled and unforeseen reconstruction work was required: i.e., a French drain had to be constructed under the floor of the clearwell and then a reconstruction of the concrete floor had to be done. There was evidence that none of this reconstruction would have been required if appellant had completed its contract within the specified time. Appel-

lee did some of the said reconstruction work at an expense to him of $1637.51; and when the clearwell was finally completed and accepted, appellee paid appellant all of the subcontract price of $19,871.00 except the $1637.51 which appellee had expended because of the buckling of the concrete floor of the clearwell, as previously stated. It is this balance of $1,637.51 that appellant seeks to recover in this lawsuit.

### Disputed Matters.

Appellant claims: (I) that appellee definitely agreed to pay appellant this item of $1637.51; or (II) that if no uncontroverted agreement was shown, nevertheless appellee is liable because he accepted the services of appellant after knowing that appellant was not intending to allow appellee to deduct anything for the extra work.

As to (I) — i.e., definite agreement by appellee— it is only necessary to say that appellant's witnesses testified to a letter written to appellee containing appellant's understanding of the alleged agreement;[1] but appellee strenuously denied that he ever agreed to the letter or that he ever made such agreement as therein contained. Thus a fact question was presented as to the making of the agreement; and the Court's finding against appellant on the contract feature is supported by substantial evidence and, therefore, is as binding as a Jury verdict. *Shinn* v. *Plott*, 82 Ark. 260, 101 S.W. 742; and *Johnson* v. *Spangler*, 176 Ark. 328, 2 S.W. 2d 1089, 59 A.L.R. 899; and see the many cases collected in West's Arkansas Digest, "Appeal and Error", Key No. 1008.

As to (II) — i.e., liability of appellee for accepting appellant's services, knowing of the claim in the letter— appellant cites *Blake* v. *Scott*, 92 Ark. 46, 121 S.W. 1054. But we find that the cited case is not in point with the situation here. In the *Blake* v. *Scott* case there were no

---

[1] In this letter—dated July 7, 1951—appellant told appellee: "It has been agreed that the cost of all work performed by our forces will be borne by us and that any and all work that is or has been, performed by your forces will be assumed by you."

specifications as to just what work should be done within a definite time, and the prevailing party was *without fault* in doing as he did: whereas, in the case at bar there were definite specifications and a contract containing a time limit and no requirement that appellee would take care of the dewatering of the space between the outside of the clearwell and the sides of the earthen pit. There is substantial evidence from which the Court could, and evidently did, find that if the appellant had completed its contract within the specified time, or had taken care of the dewatering, then the floor of the clearwell would not have buckled, and the expenditure of $1637.51 by appellee would not have been required. In short, the evidence is sufficient to sustain the Court's finding that the fault was that of the appellant.

Affirmed.