AFFHOLTER *v.* McCARLEY.

5-1013                                                     293 S. W. 2d 698

Opinion delivered October 1, 1956.

*Collins, Edwards, Core & Collins,* for appellant.

*George E. Steel* and *Don Steel,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellant to recover judgment upon three promissory notes, totaling $500, and to foreclose a vendor's lien securing the debt. The chancellor found the cause of action to be barred by the five-year statute of limitations. Ark. Stats. 1947, § 37-209. The only question presented is whether that finding is against the weight of the evidence.

The three notes were executed in 1919 by N. E. and Lena Townsend, in connection with the purchase of 160 acres of land. The notes matured serially in 1923, 1924, and 1925. The appellee bought the encumbered land from the Townsends in 1923 and expressly assumed the debt. The appellant's husband, C. A. Affholter, acquired the notes on a date not shown by the record and had held them for some thirty years when he died in 1952. This suit was filed by his widow in 1954.

In our opinion the preponderance of the proof shows that the appellee paid the interest on the notes until Affholter's death; so the debt is not barred. Affholter, who was the postmaster at Vandervoort, kept the three notes pinned together in his safe at the post office.

From 1923 through 1939 Affholter indorsed annual payments of interest on all three notes; thereafter he used only one note for the indorsements. Mrs. Affholter identifies her husband's handwriting and says that he made the notations as soon as the payments were received — "He didn't leave it until tomorrow." This evidence alone would bring the case within the principle that proof of indorsements made before the statute of limitations has run is sufficient to make a *prima facie* case for the plaintiff. *Brown* v. *Hutchings,* 14 Ark. 83.

There is, however, much additional testimony tending to show that the interest was paid from year to year. The appellant testified that the appellee made payments in person and sent other remittances by mail. Another witness, Imogene Smith, testified that during Affholter's last illness she made, at his direction, the final indorsement on the notes, which Affholter then initialed. From time to time Affholter unquestionably wrote to the county collector to be certain that the taxes were being paid on the land which secured the debt. Two of these inquiries, one made in 1942 and the other in 1946, were introduced in evidence. In 1954, after Affholter's death, the appellant wrote to the appellee about the debt. In his reply McCarley did not deny the validity of an obligation which he now says had been repudiated more than twenty years earlier. He merely said: ". . . if you care to see me about the notes you mentioned would be glad to see you and come to a better understanding about them."

The only substantial proof contradicting the appellant's persuasive evidence is the appellee's own testimony. He admits that he made payments by mail for several years, but he says that he called on Affholter in 1933 at the very latest and told Affholter that he was through with the notes and would not be responsible for them any further. McCarley offers no reason for his decision to repudiate a debt that he had recognized for ten years, but he testifies that his creditor acquiesced in the matter and made no additional demands for payment.

We do not consider that the appellee's testimony ovecomes the plaintiff's *prima facie* case. McCarley's version of the transaction cannot be reconciled with Affholter's careful making of indorsements for almost twenty years after the debt had supposedly been disavowed. It cannot be reconciled with the undisputed fact that Affholter continued for many years to verify the tax payments. It leaves unexplained McCarley's failure to take a forthright position in response to the letter he received from Mrs. Affholter in 1954. On the whole case we are convinced that the weight of the evidence lies with the appellant.

Reversed and remanded for the entry of a decree granting the relief prayed.