TAYLOR *v.* SLAYTON.

5-2008 330 S. W. 2d 280

Opinion delivered December 21, 1959.

[Rehearing denied January 18, 1960]

*F. C. Crow,* for appellant.

*W. A. Speer,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant, a retail grocer, to collect an open account in the sum of $260.94. The only question is whether the trial court, sitting without a jury, was correct in holding the claim barred by the three-year statute of limitations. Ark. Stats. 1947, § 37-206.

The material facts are not in dispute, most of them having been stipulated. The account became inactive on

February 8, 1951, when Slayton made his final purchase. The debt was concededly barred three years later, but in 1956 Slayton made two $5.00 payments upon the account, less than three years before this suit was filed. In addition to these agreed facts the plaintiff proved by the superintendent at Slayton's place of employment that in 1958 Slayton orally admitted the debt and promised to pay it in small monthly installments. Slayton did not testify and offered no proof of any kind.

The circuit court was in error in sustaining the defense of limitations. It has long been settled that a part payment upon an open account, made after the bar of the statute has fallen, is presumed to start the statute running anew, in the absence of circumstances indicating that the debtor did not thereby intend to recognize his obligation. *Gorman* v. *Pettus,* 72 Ark. 76, 77 S. W. 907. The cases were reviewed in *Johnson* v. *Spangler,* 176 Ark. 328, 2 S. W. 2d 1089, where we pointed out that a part payment is *prima facie* sufficient to revive the barred debt, though this *prima facie* case may be rebutted. In the case at hand there is no circumstance whatever tending to rebut the presumption arising from the stipulated part payments, and hence the defense of limitations must fail.

The appellee relies primarily upon this provision in our limitation laws: "No verbal promise or acknowledgment shall be deemed sufficient evidence in any action founded on a simple contract, whereby to take any case out of the operation of this act, or to deprive the party of the benefits thereof." Ark. Stats., § 37-216. This section requires that a "verbal" acknowledgment — that is, one in the form of words—be in writing, but the statute has no application to a part payment and has never been so applied. The making of a payment is an act and as such is not subject to classification as written or oral. The cited statute deals with words, not acts.

Reversed and remanded for the entry of a judgment in favor of the appellant.